**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILDA PATRICIA TRIGUEROS-AGUERO,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 17-71990<br><br>Agency No. A205-306-110<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2020**
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

Hilda Trigueros-Aguero petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

In removal proceedings, Trigueros-Aguero contended that she had been subject to past persecution in her native El Salvador because she was raped twice as a child and because she was accosted by gang members who threatened to harm her if her mother—a local business owner—did not make monthly payments to the gang. She also testified that she feared gangs would target her because her brother was formerly a police officer in El Salvador and had been shot by gang members there before moving to the United States. Finally, she testified that her domestic partner, who currently lives with her in the United States, had subjected her to domestic violence here and could do so again with impunity in El Salvador.

The Immigration Judge ("IJ") found that Trigueros-Aguero's testimony was not credible based on inconsistencies between her testimony and her written application materials. In the alternative, the IJ found that Trigueros-Aguero had not established a nexus between the mistreatment and a protected ground, and had not established a likelihood of torture. The BIA dismissed her appeal on substantially the same grounds.

We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). That standard requires us to uphold the agency's decision if it is supported by reasonable, substantial, and probative evidence on the record. *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).

We agree with the BIA that, even crediting Trigueros-Aguero's testimony, she did not establish that her past mistreatment was on account of a protected ground, that she had a well-founded fear of future persecution, or that there was a likelihood of torture. Even crediting her testimony, there is no connection between the rapes and a protected ground. Similarly, the extortion based on her mother's business is not connected to a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Substantial evidence supports the agency's finding that any likelihood of future persecution based on her brother's affiliation with the police or her relationship with her domestic partner was speculative, where she did not suffer any past persecution in El Salvador on those grounds, and both her brother and domestic partner now reside in the United States. Substantial evidence also supports the agency's finding that Trigueros-Aguero did not establish a likelihood of torture in El Salvador.

**PETITION DENIED.**

3